# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARLEAN CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-CV-144 NAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Darlean Carr's ("Carr") application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will reverse and remand the Commissioner's decision.

## I. Issues for Review

Carr presents three issues for review. First, Carr asserts that the administrative law judge ("ALJ") erred in granting little weight to the opinion of Dr. Devon Golding. Second, she contends that the residual functional capacity ("RFC") determination is not supported by medical evidence of record. Third, she contends that the ALJ's question to the vocational expert did not

correspond to the ultimate RFC determination. Defendant contends that the ALJ's decision is supported by substantial evidence in the record as a whole.

## II.     Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

   (1) The findings of credibility made by the ALJ;

   (2) The education, background, work history, and age of the claimant;

   (3) The medical evidence given by the claimant's treating physicians;

   (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

   (5) The corroboration by third parties of the claimant's physical impairment;

   (6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

   (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

The Court notes that the SSA denied Carr's previous application for disability insurance benefits, which was issued on May 11, 2010. Carr did not appeal those denials; therefore, the

determination that she was not disabled through March 11, 2010 is binding. *See* 20 C.F.R. § 404.905 (an initial determination is binding unless the claimant requests a reconsideration during the stated time period or the initial determination is revised).

**III.    Discussion**

After reviewing the evidence in the record as a whole, the Court finds that the RFC determination, regarding Carr's mental impairments, is not supported by substantial evidence in the record as a whole. The ALJ found that Carr had the severe impairments of spondylosis, degenerative disc disease, sciatica, fibromyalgia, hypertension, heart palpitations, depressive disorder, and cognitive disorder. (Tr. 14.) The ALJ determined that Carr had the RFC to perform medium work with the following limitations: (1) occasionally reach overhead; (2) frequently stoop, kneel, crouch, and crawl; (3) limited to understanding, remembering, and carrying out at least simple instructions; and (4) perform non-detailed tasks. (Tr. 15.)

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). RFC is a medical question. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In making a disability

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. § 404.1527(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009). "A disability claimant has the burden to establish her RFC." *Eichelberger*, 390 F.3d at 591 (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)).

First, the ALJ improperly discounted much of the evidence regarding Carr's cognitive impairment. After the alleged onset date of disability, three doctors evaluated Carr's mental impairments. Consultative examiner Dr. Carmen Curtis, a licensed psychologist, evaluated Carr on November 22, 2010. (Tr. 301-305.) Dr. Curtis diagnosed Carr with Major Depressive Disorder and Cognitive Disorder not otherwise specified. (Tr. 304-305.) Dr. Curtis opined that Carr had a mild to moderate impairment in her activities of daily living, moderate to severe impairment in social functioning and appearance and ability to care for personal needs, and severe impairment in concentration, persistence, and pace. (Tr. 304.) Dr. Curtis administered a Wechsler Memory Scale-IV test. (Tr. 303-304.) Dr. Curtis determined that Carr's effort and motivation were good and the results were considered to be a valid indicator of her current memory functioning. (Tr. 303.) Dr. Curtis opined that Carr's tests results indicated extremely low auditory and visual memory skills and a decompensation of skills. (Tr. 304.) Dr. Curtis also opined that Carr's self-report and vocational attainment suggested a prior higher level of functioning. (Tr. 304.) Dr. Curtis noted that Carr was in the low range of memory functioning, warranting a diagnosis of Cognitive Disorder, not otherwise specified. (Tr. 305.) She stated that as a result, Carr's social and occupational functioning was moderately impaired. (Tr. 305.) Dr. Marsha Toll, also a psychologist reviewed Carr's medical records including Dr. Curtis's assessment and found Carr had moderate difficulties in maintaining concentration, persistence,

or pace. (Tr. 315.) Carr's treating physician, Dr. Golding, although not a mental health specialist, has treated her since 2007 and he opined in a mental Medical Source Statement that she was extremely limited[2] in all areas of understanding and memory and sustained concentration and persistence in July 2010. (Tr. 285.) Dr. Golding also prescribed medication to Carr for her major depressive disorder.

The ALJ noted the objective test results obtained by Dr. Curtis, but dismissed them by stating that it conflicted with a therapy session conducted at Grace Hill two years later, where the therapist stated that Carr's intellect was "average." (Tr. 576.) There is no medical evidence in the record and none cited by the ALJ that demonstrates that a person of "average" intelligence cannot have severe impairments of concentration, persistence, or pace. The therapist's opinion that Carr was of average intelligence would not contradict a finding of a cognitive impairment regarding memory. Carr also testified that she had memory problems. (Tr. 44-46.) The RFC does not include limitations that would account for Plaintiff's undisputed memory problems; therefore it is not supported by substantial evidence in the record as a whole.

Second, the ALJ did not properly evaluate the medical opinion evidence in accordance with 20 C.F.R. § 404.1527(c). The ALJ stated that Dr. Curtis and Dr. Toll's opinions may have changed if they had had the medical records from the 2 visits at Grace Hill. (Tr. 20.) The Court disagrees. The records from Grace Hill do not contradict the objective medical findings regarding Carr's cognitive impairment. The ALJ discounted Dr. Golding's medical source statements, because he had only seen Carr once since her alleged onset date of disability. (Tr. 18.) But, there are treatment notes from Dr. Golding in the period before the alleged onset date that can be considered. Evidence from outside the insured period can be used in helping to

---

[2] The medical source statement defined extremely limited as "impairment level preclude[s] useful functioning in this category." (Tr. 285.)

elucidate a medical condition during the time for which benefits may be rewarded." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ should have evaluated all of the opinion evidence pursuant to the standards outlined in 20 C.F.R. § 404.1527(c).

Finally, because the RFC determination failed to adequately account for Carr's cognitive memory problems, the testimony of the vocational expert is not supported by substantial evidence.  Upon remand, the ALJ must provide a hypothetical that addresses and precisely describes Carr's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant.  *See Newton v. Chater*, 92 F.3d 688, 694-695.  The vocational expert testimony should be based upon the full extent of Carr's limitations.  *Id.* at 695.

## IV.   Conclusion

Based on the foregoing, the Court will reverse and remand this action to the Commissioner.  Upon remand, the ALJ shall formulate a new RFC determination that accounts for Carr's cognitive impairment and obtain new vocational expert testimony that specifically addresses those limitations.  Further, the ALJ shall evaluate all of the medical opinion evidence in accordance with 20 C.F.R. § 404.1527(c).  The Court is aware that upon remand, the ALJ's decision as to non-disability may not change after addressing the deficiencies noted herein, but the determination is one the Commissioner must make in the first instance.  *See Buckner v. Apfel*, 213, F.3d 1006, 1011 (8th Cir. 2000) (when a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings); *Leeper v. Colvin*, No. 4:13-CV-367 ACL, 2014 WL 4713280 (E.D. Mo. Sept. 22, 2014) (ALJ duty to make disability determination).

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Carr seeks in her Complaint and Brief in Support of Plaintiff's Complaint is **GRANTED in part and DENIED in part**. [Docs. 1, 13.]

**IT IS FURTHER ORDERED** that the Commissioner's decision of December 11, 2012 is **REVERSED** and **REMANDED** for a new RFC determination, new vocational expert testimony, and evaluation of the medical opinion evidence in accordance with 20 C.F.R. § 404.1527(c).

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will be filed contemporaneously with this Memorandum and Order remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4.

Dated this 19th day of November, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE